UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DEBRA FEHR, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATES OF MARVIN WIRTJES AND SHIRLEY WIRTJES; and THERESA RILEY, INDIVIDUALLY, §§§§§§§<br><br>*Plaintiffs*, §§<br><br>and §§<br><br>RASHEED WALL; and AKEEM HOPKINS, §§§§<br><br>*Intervenors*, §§<br><br>and §§<br><br>JOAQUIN MURRIETA, §§§<br><br>*Intervenor*, §§<br><br>v. §§<br><br>UNICORN FREIGHT, LLC; DIEBEL TRANSPORTATION, LLC; THE ESTATE OF DONALD DIEBEL, JR.; and J.B. HUNT TRANSPORT, INC., §§§§§§§<br><br>*Defendants*. § | EP-23-CV-00271-DCG |

## ORDER STRIKING INTERVENOR PLAINTIFF'S AMENDED COMPLAINT

On November 4, 2024, Intervenor-Plaintiff Joaquin Murrieta filed an Amended Complaint subject to his pending motion to remand. *See* ECF No. 18. The purported Amended Complaint asserts claims against entities whom Murrieta did not name as Defendants in his state court pleading. *Compare* Murrieta's Original Pet. Intervention, ECF No. 1-19, at 1, 3–7, *with* Murrieta's 1st Am. Compl., ECF No. 18, at 1–2, 7–11. As the Court explains below, however, Murrieta had

no authority to add those new claims to his pleadings without first obtaining either the Court's leave or all of the affected Defendants' written consent. Because Murrieta obtained neither of those before amending his pleadings, the Court **STRIKES** the Amended Complaint.

## BACKGROUND

Plaintiffs Debra Fehr and Theresa Riley filed this lawsuit in state court on November 15, 2022. *See* Pl.'s Original Pet., ECF No. 1-5, at 1. Plaintiffs' initial state court Petition asserted claims against only three Defendants: (1) Unicorn Freight, LLC; (2) Diebel Transportation, LLC; and (3) the Estate of Donald Diebel, Jr. *See id.*

On January 27, 2023, Murrieta petitioned to intervene in the state court lawsuit as an additional plaintiff. *See* Murrieta's Original Pet. Intervention at 1. In that Petition, Murrieta asserted claims against only two of the entities whom Plaintiffs had named as Defendants in their initial pleading: (1) Diebel Transportation, and (2) the Diebel Estate. *See id.* at 1, 3–7. Murrieta's state court Petition did *not* assert any claims against Unicorn Freight.[1] *See id.*

On February 2, 2023, Defendants filed an answer to Murrieta's Petition in Intervention in state court. Def.'s Answer Murrieta's Pet. Intervention, ECF No. 1-20.

On May 31, 2023, Plaintiffs Debra Fehr and Theresa Riley amended their Petition in state court to assert claims against a new Defendant: J.B. Hunt Transport, Inc. Pls.' 1st Am. Pet., ECF No. 1-36. Notably, Murrieta did not amend his pleadings at that time to assert claims against J.B.

---

[1] The Court is not clear whether Murrieta attempted to assert a claim against Unicorn Freight in his Petition in Intervention. The original Petition in Intervention lists "Diebel Transportation, LLC" twice and defines it the first time as "Unicorn," and the second time as "Diebel." ECF No. 1-19, at 1. However, there is no other mention of Unicorn Freight throughout the Petition. *See id.* Thus, if Murrieta attempted to include Unicorn Freight as a defendant in his state court Petition, he ultimately failed to do so.

Hunt of his own.  Nor did Murrieta amend his pleadings at any other time while the case was proceeding in state court.

On July 21, 2023, J.B. Hunt Transport removed the instant case to federal court.  Notice Removal, ECF No. 1, at 2.  Several of the parties have filed motions to remand this case to state court.  *See* Mots. Remand, ECF Nos. 5, 6, & 8.  Due to the Court's heavy civil and criminal caseload, the Court has not yet ruled on those Motions.[2]

On November 4, 2024, Murrieta filed what purports to be a First Amended Complaint.  *See* Murrieta's 1st Am. Compl.  Besides retaining the claims against the two Diebel Defendants that Murrieta asserted in his original state court Petition, *see id.* at 6–7, Murrieta's First Amended Complaint also asserts new claims against Unicorn Freight and J.B. Hunt, *see id.* at 7–11.

As will become important below, however, Murrieta neither sought nor obtained the Court's leave before filing his putative First Amended Complaint.  Furthermore, although the First Amended Complaint states in a footnote that Murrieta's "counsel conferred with Defendant J.B. Hunt Transport's counsel" and determined that J.B. Hunt has "no objection" to Murrieta amending his pleadings, *see id.* at 1 n.1, Murrieta did not attach to his putative Amended Complaint any indication that J.B. Hunt consented *in writing* to Murrieta's putative amendment, *see id.* at 1–12.  More importantly, the docket contains no indication that Murrieta sought or obtained *Unicorn Freight's* written consent before filing his First Amended Complaint.  *See id.* at 1–12.

## **GOVERNING STANDARD**

---

[2] The Court does not intend anything in this Order to imply anything either way about whether the Court has subject matter jurisdiction over this case.

Pursuant to Rule 81(c)(1), the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Rule 15 governs the amendment of pleadings before trial. *See generally* FED. R. CIV. P. 15(a).

Under Rule 15(a)(1), a party may amend his pleadings once as a matter of course—that is, without first obtaining the opposing party's consent or the Court's leave—within (a) 21 days after serving it or (b) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1).

A party that may not amend its complaint as a matter of course under 15(a)(1) "may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The rule provides that courts should freely give leave when justice so requires. *Id.*

The Fifth Circuit has held that "when a case is removed[,] the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937); *see also, e.g.*, *Villarreal v. Willacy Cnty. Sheriff's Dep't*, No. 1:24-cv-57, 2024 WL 3873751, at *2 (S.D. Tex.) (confirming that *Savell* remains good law in the Fifth Circuit), *report and recommendation accepted by* 2024 WL 3871759 (S.D. Tex. Aug. 19, 2024). Thus, where—as here—a defendant has filed an answer in state court before removal, Rule 15(a)(1)'s 21-day clock runs from the date that the defendant filed that state court answer. *See Suarez v. GEO Grp., Inc.*, No. 5:15-CV-83, 2015 WL 13121263, at *2 (S.D. Tex. May 18, 2015) (rejecting plaintiff's argument that the triggering date for the 21-day period was the date of removal, not the actual date that Defendants served the responsive pleading); *see also Lee v. Wells Fargo Bank, N.A.*, No. 11-1334, 2012 WL 6132510, at *1 (S.D. Tex. Dec. 10, 2012) (holding that plaintiff was not entitled to amend the complaint as a matter of course because defendant "had

previously filed an answer in state court before the suit was removed" and the answer "was filed more than 21 days before [plaintiff's] amended complaint").

## ANALYSIS

As indicated above, Murrieta filed his Petition in Intervention in state court on January 27, 2023. ECF No. 1-19. Defendants answered that Petition in state court on February 2, 2023. ECF No. 1-20. Rule 15(a)(1)'s 21-day window for Plaintiff to amend as a matter of course therefore closed on February 23, 2023. Murrieta did not file his First Amended Complaint until November 4, 2024—nearly two years later. Murrieta therefore could not have filed his First Amended Complaint as a matter of course under Rule 15(a)(1).

Thus, the only way Murrieta could have validly amended his pleadings was by obtaining either "the opposing part[ies'] written consent or the court's leave." *See* FED. R. CIV. P. 15(a)(2). As for the latter, Murrieta neither requested nor obtained the Court's leave before filing his First Amended Complaint. As for the former, even if the Court were to overlook Murrieta's failure to specify whether J.B. Hunt consented *in writing* to Murrieta asserting new claims against it, *see* Murrieta's 1st Am. Compl. at 1 n.1 (stating merely that Murrieta's "counsel conferred with Defendant J.B. Hunt Transport's counsel and there is no objection to th[e] Amended Complaint"), the docket contains no indication that *Unicorn Freight* consented in *any* form to Murrieta amending his pleadings to add new claims against it. Thus, Murrieta wasn't entitled to file his First Amended Complaint under Rule 15(a)(2) either.

The Court has also considered the possibility that Murrieta filed his putative Amended Complaint not under the authority of Rule 15(a), but rather to preemptively comply with the Court's "Standing Order to Replead in Removal Cases." As background, the Court issued a

Standing Order specifying that, "in all removed cases," the plaintiff must "replead by separately filing a complaint that conforms to the requirements of Federal Rules of Civil Procedure 8 and 9." Standing Order, ECF No. 3 (emphasis omitted); *see also* FED. R. CIV. P. 81(c)(2) (indicating that federal courts are authorized to order litigants to replead after removal).  That Standing Order exists because the pleading standards that govern petitions filed in Texas state court differ from the pleading standards that govern complaints in federal court.  *See, e.g.*, *Bonin v. Sabine River Auth. of Tex.*, No. 1:17-cv-134, 2018 WL 1190234, at *5 (E.D. Tex.), *report and recommendation accepted by* 2018 WL 1185256 (E.D. Tex. Mar. 7, 2018).  The Standing Order therefore requires the plaintiff to convert his state court petition into a pleading that conforms with the Federal Rules of Civil Procedure.  The Standing Order further provides that, if at least one party to the removed case has filed a motion to remand, the plaintiff's deadline to replead doesn't expire until "fourteen days of the Court's order denying [the] motion to remand." *See* Standing Order.

Here, several of the parties to this removed case have filed motions to remand that currently remain pending.  *See* Mots. Remand, ECF Nos. 5, 6, & 8.  Murrieta's deadline to file a repleaded complaint under the Standing Order therefore has not expired yet.  The Court must therefore consider whether Murrieta's First Amended Complaint is a *timely* attempt to file a *repleaded* complaint to comply with the *Standing Order* (as opposed to an *untimely* attempt to *amend* his pleadings under Rule 15(a)).

It is not.  Murrieta's First Amended Complaint does not just replead his *existing* claims so that they "conform[] to the requirements of Federal Rules of Civil Procedure 8 and 9"; it also pleads entirely *new* claims against entities whom Murrieta did not name in his state court pleading.  Those modifications are *substantive* changes that go beyond the mere "repleading" that the Standing Order contemplates.  *Cf., e.g.*, *Rodgers v. Chadwick Nursing & Rehab. Ctr., LLC*, No.

3:23-CV-413, 2023 WL 11114975, at *2 (S.D. Miss. Sept. 1, 2023) (emphasizing that although the court was ordering the plaintiff "to replead . . . for the narrow purpose of conforming to federal pleading standards," that did not permit the plaintiff to "assert new causes of action" against the existing defendants (cleaned up)); *Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1993) (contrasting a "*repleading*" that merely "change[s] [the state court pleading's] format to fit the federal court model" with an "*amend[ment]*" that "contain[s] substantive changes" (first emphasis added)).  If Murrieta wanted to make such significant substantive modifications to his pleadings, he needed to obtain either Defendants' written consent or the Court's leave under Rule 15(a)(2).  Because he did not, the Court will strike his First Amended Complaint.  *See, e.g.*, *Fund Texas Choice v. Deski*, No. 1:22-CV-859, 2024 WL 3730651, at *2 (W.D. Tex. Aug. 8, 2024) (noting that "district courts routinely strike amended complaints that are filed without leave").

The Court takes no position at this time regarding whether it would grant Murrieta leave to amend his pleadings if he ultimately moves for it.  *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) (noting that although "leave to amend pleadings 'shall be freely given when justice so requires,' it is by no means automatic" (quoting FED. R. CIV. P. 15(a)); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (listing factors to consider when deciding whether to grant a party leave to amend, such as: "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment").

The Court therefore **STRIKES** "Intervenor Joaquin Murrieta's Unopposed First Amended Complaint Subject to his Pending Motion to Remand" (ECF No. 18).

So **ORDERED and SIGNED this 18th DAY of November 2024.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**