## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **DEBRA FEHR,** *individually and as representative of the Estates of MARVIN WIRTJES and SHIRLEY WIRTJES,* **and THERESA RILEY,** *individually,* | § § § § § § | |
| | § | |
| ***Plaintiffs,*** | § § | |
| **and** | § § | 3:23-CV-00271-DCG |
| **RASHEED WALL, AKEEM HOPKINS, and JOAQUIN MURRIETA,** | § § § § | |
| ***Intervenors,*** | § § § | |
| **v.** | § § | |
| **UNICORN FREIGHT, LLC, DIEBEL TRANSPORTATION, LLC, THE ESTATE OF DONALD DIEBEL, JR., and J.B. HUNT TRANSPORT, INC.,** | § § § § § | |
| | § | |
| ***Defendants.*** | | |

## REPORT AND RECOMMENDATION

This case arises from a fatal vehicle accident that occurred on November 4, 2022, in Hartley County, Texas. Plaintiffs Debra Fehr, individually and as representative of the Estates of Marvin and Shirley Wirtjes, and Theresa Riley, individually, initiated this suit in state court by asserting negligence and wrongful death claims against several defendants, including Defendant J.B. Hunt Transport, Inc. Intervenors Rasheed Wall, Akeem Hopkins, and Joaquin Murrieta later

intervened, asserting similar negligence and personal injury claims against these defendants.[1]

On July 21, 2023, Defendant J.B. Hunt removed this case under 28 U.S.C. § 1441 on two grounds: (1) the negligence claims against it are completely preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. 14501; and (2) as these claims implicate the FAAAA's preemptive provisions, they raise a substantial federal issue under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

Before the Court are Plaintiffs' and Intervenors' "Motion[s]to Remand" (ECF Nos. 5, 6, and 8) (collectively, the "Motions"), in which they seek to remand this case to state court, arguing that no federal jurisdiction exists because the FAAAA does not completely preempt the negligence claims against Defendant J.B. Hunt.  The Honorable Senior District Judge David C. Guaderrama referred the Motions to the undersigned Magistrate Judge under 28 U.S.C. § 636(b).  For the reasons below, the Court **RECOMMENDS** the referring court to **GRANT** the Motions.

## STANDARD

### A.    Removal to Federal Court

Defendants may remove a state-court action to federal court if the federal court has original jurisdiction over such action.  28 U.S.C. § 1441(a).  But "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co., of Am.*, 511 U.S. 375,

---

[1] Intervenor Murrieta has not asserted any claims against Defendant J.B. Hunt. Notice of Removal, Ex. 19 at 1–10, ECF No. 1-19.

377 (1994).  Without jurisdiction, courts cannot proceed *at all* in any case.  *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868), *abrogated on other grounds by Riley v. Bondi*, 145 S. Ct. 2190 (2025)).

"Absent diversity jurisdiction [under 28 U.S.C. § 1332], federal-question jurisdiction is required."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "A federal question exists 'only in those cases in which a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)).  This is known as the well-pleaded complaint rule.

### B.    Complete Preemption

But the complete preemption doctrine provides an exception to the well-pleaded complaint rule.  *Mitchell v. Advanced HCS, LLC*, 28 F.4th 580, 585 (5th Cir. 2022) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 63–64 (1987)).  Under this doctrine, state-law claims may raise a federal question if Congress has "so completely preempted" that legal area "that any civil complaint raising" the state-law claims "is necessarily federal in character."  *Manyweather v. Woodlawn Manor, Inc.*, 40 F.4th 237, 243 (5th Cir. 2022) (quoting *Taylor*, 481 U.S. at 63–64)).

Complete preemption applies only when three conditions are met.  "*First*, federal law creates a cause of action that both replaces and protects the analogous

area of state law.  *Second*, Congress has empowered federal courts to hear that cause of action.  [And] [*t*]hird, Congress clearly intended that grant of jurisdiction to be exclusive."  *Id.* (emphasis in original) (cleaned up).  "Once those conditions are met, the party invoking federal jurisdiction must show that the plaintiff could have brought his state-law claims under that federal cause of action."  *Id.* (cleaned up).

Complete preemption is exceptionally rare and not to be confused with the more common ordinary preemption.  *See New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 331 (5th Cir. 2008).  While complete preemption "gives federal courts the power to adjudicate a case in the first place," ordinary preemption serves only as "an affirmative defense that a defendant can invoke 'to defeat a plaintiff's state-law claim on the merits by asserting the supremacy of federal law.'"  *Mitchell*, 28 F.4th at 585 n.2 (citations omitted).

The Supreme Court has found complete preemption in only three instances.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (noting complete preemption under the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act).  In each instance, the statute at issue "provide[d] the exclusive cause of action," along with the associated procedures and remedies.  *Id.*

## C.    Substantial Federal Issue

The Supreme Court's *Grable* decision, on the other hand, is not an exception to the well-pleaded complaint rule.  *Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022).  On the contrary, "*Grable* is applied in the shadow of the well-pleaded

complaint rule," so courts must "look[] to the face of a plaintiff's well-pleaded complaint to determine whether the issues it raises implicate *Grable*." *Mitchell*, 28 F.4th at 588 (citations omitted). Under *Grable*, even if a state-court petition asserts only state-law causes of action, federal jurisdiction may still exist if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Box*, 33 F.4th at 201.

Yet *Grable* applies only to a "special and small category" of cases. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). "The type of claim that creates a federal question under *Grable* is typically a state-law claim premised on some component of federal law." *Mitchell*, 28 F.4th at 588 (citation omitted). "*Grable* emphasized that it takes more than a federal element to open the 'arising under' door." *Empire*, 547 U.S. at 701.

So, state-law claims that merely implicate federal laws or regulations are "not sufficient to establish federal-question jurisdiction." *Longitude 150 LLC v. McGee*, No. 22-cv-2181, 2022 WL 16942239, at *4–5 (W.D. La. Oct. 27, 2022) (citing *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 155 (5th Cir. Unit A 1980)) (collecting cases), *adopted*, 2022 WL 16927801 (Nov. 14, 2022); *see also Till*, 653 F.2d at 155 n.2 (state-law claim does not arise under federal law when relief is based solely on state cause of action and federal regulations serve only as evidence supporting state-law claim). Nor does the mere fact that a state court must reference a federal standard to determine a state-law violation cause the claim to "to necessarily raise a stated

federal issue." *Am. Airlines, Inc. v. Sabre, Inc.*, No. 11-cv-488, 2011 WL 3468418, at *6 (N.D. Tex. Aug. 4, 2011) (quoting *Grable*, 545 U.S. at 314). Even when a state-law claim refers to or partly relies on a federal standard, "[t]he issue remains a state-law issue throughout, which might or might not be resolved by reference to federal law." *Id.* And because *Grable* operates "in the shadow of the well-pleaded complaint rule," it also does not apply when a federal issue is raised only as a defense, as such issue "does not appear on the face of a well-pleaded complaint." *Mitchell*, 28 F.4th at 589.

### D.    Remand to State Court

Plaintiffs may move to remand actions removed to federal court for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c). When plaintiffs move to remand, the removing defendants bear the burden of establishing that federal jurisdiction exists and removal is proper. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

### DISCUSSION

By their Motions, Plaintiffs and Intervenors seek to remand this case to state court because no federal jurisdiction exists as the FAAAA does not completely preempt the negligence claims against Defendant J.B. Hunt.[2] Plaintiffs and Intervenors do not address Defendant J.B. Hunt's contention that the negligence claims' implication of the FAAAA's preemptive provisions raise a substantial federal

---

[2] Pls.' Mot. at 1–3, ECF No. 5; Intervenors Wall & Hopkins Mot. at 1–3, ECF No. 6; Intervenor Murrieta Mot. at 1–3, ECF No. 8.

issue under *Grable*.  Even so, after due consideration, the Court concludes that federal jurisdiction is lacking under both theories.

First, the plain language of the FAAAA fails to satisfy any of the three required conditions for complete preemption.  Section 14501(b)(1) of the FAAAA reads:

> [N]o state or political subdivision thereof and no intrastate agency or other political agency of 2 or more States shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker.

49 U.S.C. § 14501(b)(1).  Section 14501(c)(1) similarly provides:

> [A] State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

But nothing in the FAAAA creates a federal cause of action, much less one that "wholly displaces [a] state-law cause of action" with its own remedies and procedures. *Mitchell*, 28 F.4th at 585.  Many courts in the Fifth Circuit agree.  *See Ubaldo v. F&A Border Transp., LLC*, No. EP-24-CV-47-KC, 2024 WL 1904545, at *3 (W.D. Tex. May 1, 2024) (collecting cases).  And the Fifth Circuit has held that a similarly worded preemptive provision in the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(4)(A), does not completely preempt state-law claims.  *See Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997).

What is more, the cases on which Defendant J.B. Hunt relies for its argument on complete preemption are inapposite.  On the one hand, the cases from other circuit

courts it cites address only the FAAAA's preemptive provisions as an affirmative defense under *ordinary preemption*, not whether the FAAAA completely preempts state-law claims to confer federal jurisdiction.[3]  *See Torres v. Minnaar*, No. 4:23-CV-486-SDJ, 2024 WL 778383, at \*4 n.2 (E.D. Tex. Feb. 26, 2024) (stating that *Ye* and *Aspen* do not apply because "they address defensive preemption, not the complete preemption doctrine").  On the other hand, the two cases within the Fifth Circuit that it cites as addressing complete preemption in fact applied the *ordinary preemption* standard and did not consider the three required conditions for complete preemption.[4]

And second, Defendant J.B. Hunt's arguments invoking *Grable* fare no better. None of the negligence claims here are premised on any component of the FAAAA, as all arise from state causes of action.  *See, e.g.*, Notice of Removal, Ex. 36 at 1–13, ECF No. 1-36; *id.*, Ex. 42 at 1–13, ECF No. 1-42.  Nor do these negligence claims even refer to or rely on any federal standard for their resolution.  And Defendant J.B. Hunt cites no legal authority to support its claim that "federal law provides the standard of care

---

[3] *See, e.g.*, *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1266 (11th Cir. 2023) ("Because we have federal jurisdiction in this case because of the parties' diverse citizenship, we take no position on whether the FAAAA satisfies the standard for complete preemption."); *Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 456 (7th Cir. 2023) ("The district court granted the motion [to dismiss] as to [the plaintiff's] negligent hiring claim, finding the claim to be barred by the [FAAAA]."); *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1021 (9th Cir. 2020) (noting that district court had diversity jurisdiction under 28 U.S.C. § 1332 and reviewing dismissal based on preemption arguments raised in Rule 12(c) motion).

[4] *See Malone v. Russell*, No. 3:23-CV-0001-S, 2023 WL 3854265, at \*3 (N.D. Tex. June 6, 2023) (noting that most courts agree that *Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371 (W.D. Tex. Jan. 27, 2020), did not undertake the Fifth Circuit's complete preemption analysis and instead evaluated ordinary preemption) (collecting cases); *see also Ubaldo*, 2024 WL 1904545, at \*4 ("*Zamorano* [*v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061, (W.D. Tex. May 11, 2020),] adopted *Gillum*'s complete preemption analysis and thus suffers from the same flaw.").

for licensed brokers" through the FAAAA and its implementing regulations. Resp. in Opp'n at 7, ECF No. 7. As discussed above, nothing in the FAAAA suggests that Congress intended to displace state causes of action with its own procedures or remedies, let alone delegate authority to a federal agency to impose a standard of care, as Defendant J.B. Hunt seems to contend. *Cf. Big Time Vapes, Inc. v. FDA*, 963 F.3d 436, 441 (5th Cir. 2020) (discussing nondelegation doctrine).

At best, these negligence claims only implicate the FAAAA through Defendant J.B. Hunt's attempt to use its preemptive provisions defensively in the context of ordinary preemption. But again, mere implication of the FAAAA's preemptive provisions is insufficient to establish federal jurisdiction under *Grable*, especially because Defendant J.B. Hunt is trying to invoke these provisions as an affirmative defense, which lies outside the well-pleaded complaint rule. *See Mitchell*, 28 F.4th at 589. Most courts agree. *See, e.g.*, *Ubaldo*, 2024 WL 1904545, at *6 (mere invocation of FAAAA's preemptive provisions fail to implicate *Grable*); *Torres*, 2024 WL 778383, at *6 (same); *Malone*, 2023 WL 3854265, at *4 (same).[5]

―――――――――――

[5] *Hughes v. Chevron Phillips Chemical Co. LP*, 478 F. App'x 167 (5th Cir. 2012), also does not support Defendant J.B. Hunt. *See* Resp. in Opp'n at 7. In *Hughes*, the Fifth Circuit found that federal jurisdiction under *Grable* existed over an employee's state-law claims against his employer for withholding his wages under an administrative levy from the Internal Revenue Service (IRS). *Id.* at 170–71. The Fifth Circuit reasoned that "it would be impossible" to determine the employer's liability under the state-law claims "without deciding whether [the employer's] actions were governed by a valid administrative levy issued by the IRS," which in turned required "determining whether the IRS had the authority to use an administrative levy" under the circumstances and "whether [the IRS] followed the proper procedures in doing so." *Id.*

Simply put, the *Hughes* employee's state-law claims raised a substantial federal issue because it necessarily raised and actually disputed whether the actions of a federal agency were valid, and the balance of federal and state judicial power would not be disturbed because "determinations regarding federal tax provisions sensibly belong in federal court." *Id.* at 171;

**RECOMMENDATION**

For these reasons, the undersigned Magistrate Judge **RECOMMENDS** that

the Honorable Senior District Judge David C. Guaderrama **GRANT** Plaintiffs' and

Intervenors' Motions to Remand (ECF Nos. 5, 6, and 8) and **REMAND** this case to

the County Court at Law No. 3 of El Paso County, Texas.

**So ORDERED and SIGNED this <u>21st</u> day of July 2025.**

 

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

 

**<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

*see also* 28 U.S.C. § 1346(a)(1) (Federal courts shall have original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]").  No similar grounds exist here.